Realogy Holdings Corp. v Urban Compass, Inc. (2021 NY Slip Op 03426)





Realogy Holdings Corp. v Urban Compass, Inc.


2021 NY Slip Op 03426


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 653927/19 Appeal No. 13989N Case No. 2021-00218N 

[*1]Realogy Holdings Corp. et al., Plaintiffs-Respondents,
v
Urban Compass, Inc., et al., Defendants-Appellants.


Davis Polk & Wardwell LLP, New York (Edmund Polubinski III of counsel), for appellants.
O'Melveny & Myers LLP, New York (Gary Svirsky of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 21, 2020, which denied without prejudice defendants' motion to compel arbitration or, in the alternative, to dismiss counts 2, 3, 5, 6, 8, 9 and 10 of the second amended complaint, unanimously affirmed, with costs.
Defendants and plaintiffs NRT New York LLC (d/b/a the Corcoran Group) and Sotheby's International Realty, Inc. are associated with the Real Estate Board of New York (REBNY), a voluntary trade association governed by a constitution, code of ethics, and a universal co-brokerage agreement. To the extent disputes may arise between REBNY members, they are to be resolved in accordance with the association's arbitration provisions.
The motion court properly denied defendants' motion to compel arbitration, or, in the alternative, to dismiss certain claims as defendants have failed to show that the REBNY arbitration provisions "expressly and unequivocally encompass[]" any of the claims asserted in the second amended complaint (see Gerling Global Reins. Corp. v Home Ins. Co ., 302 AD2d 118, 123 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). The causes of action at issue primarily allege tortious interference with exclusive listings and are not asserted by the Corcoran Group and Sotheby's for purposes of a monetary recovery, but only in support of plaintiffs' claims sounding in, inter alia, misappropriation of trade secrets, confidential business information contracts, and competitors' listings, agents and employees, which are not required to be arbitrated pursuant to the REBNY arbitration provisions.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021